UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:13-cv-424

| JOAN M. PATE and KATHARINE B. DILLON, | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' MOTION TO STRIKE OR EXCLUDE UNAUTHENTICATED EXHIBITS TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING BRIEF** |
| THERESA M. BUTLER, DAVID R. GUIN, PATRICIA B. GUIN, and REGINA B. SRIRAMEN, | ) |
| Defendants. | ) |

COMES NOW, KATHARINE B. DILLON, *pro se,* plaintiff in the above-styled matter, and hereby files and serves this her Motion to Strike or Exclude the Unauthenticated Exhibits attached to Defendants' Motion to Dismiss the Second Amended Complaint, and Supporting Brief.

As set forth herein, the Defendants have attached numerous exhibits to their Motion to Dismiss Plaintiff's Second Amended Complaint. But nowhere are any of such exhibits authenticated by an affidavit of a person with knowledge thereof (**FRE 901(b)(1)**), nor are any of such exhibits presented as certified copies of public records pursuant to **FRE 902(4)**.

1

1. **Defendants have failed to authenticate Exhibits to Motion to Dismiss Second Amended Complaint.**

A cursory review of Defendants' Motion to Dismiss the Second Amended Complaint reveals that none of the following of Defendants' exhibits are authenticated by either a person with knowledge thereof (**FRE 901(b)(1)**) or presented by Defendants as certified copies of public records pursuant to **FRE 902(4)**:

| | |
|---|---|
| Exhibit 40-1 | Maryland MVA Report - Vincent A Butler; |
| Exhibit 40-2 | Maryland Voter Info - Vincent A. Butler; |
| Exhibit 40-3 | Howard County, Maryland - Complaint of Andrea Charlene Butler; |
| Exhibit 40-4 | Corp. Records of Chesapeake Marina Enterprises; |
| Exhibit 40-5 | Maryland Attorney Grievance - Theresa Butler; |
| Exhibit 40-6 | 2010 Superior Court of Moore County Vincent A. Butler |
| Exhibit 41-1 | Superior Court of Moore County - Petition for Accounting - Vincent A Butler 7-7-2010 |
| Exhibit 41-2 | Superior Court of Moore County - Petition for Removal of Theresa Butler as Executrix - Vincent A Butler |

| | |
|---|---|
| Exhibit 41-3 | District Court of Howard County |
| | <u>Vincent Butler v. Verizon</u> |
| Exhibit 41-4 | Delaware Tax Records |
| | Joyce Nolan |
| Exhibit 41-5 | Delaware Real Property Deed - Joyce Nolan |

2. **FRE 901(a) - Requirement for Authentication of Exhibits.**

FRE 901(a) provides as follows:

"**In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." **FRE 901(a)**.

Thus, when a party submits an item for a Court's consideration, that party must affirmatively show, by means of evidence or one of the methods of FRE 901(b) that the item is what the proponent claims it to be. **FRE 901(a)**.

3. **Authentication of Exhibits is elemental to relevance.**

A basic rule of evidence in the Federal system, and any other American legal system, is that physical evidence, including exhibits, must be authenticated before it is admitted. *See, e.g.,* FRE 901(a); <u>U. S. v. Rawlins</u>, 606 F.3d 73, 82-83

3

("Authenticity is elemental to relevance, for evidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not what the proponent claims." Rawlins, 606 F. 3d at 83. *See also* U. S. v. Vidacak, 553 F. 3d 344, 349-350 (4th Cir. 2009) (burden of proving authentication is on proponent).

4. **Defendants have failed to authenticate any of the exhibits identified above.**

As set forth in Part 1. above, none of the Exhibits to Defendants' Motion to Dismiss the Second Amended Complaint have been authenticated in any way. Accordingly, because Defendants have the burden of showing the authenticity of the exhibits attached to their Motion to Dismiss, the complete failure of Defendants to authenticate such exhibits prevents such exhibits from being admitted into evidence or considered by the Court in addressing Defendants' Motion to Dismiss. *See, e.g.,* U. S. v. Vidacak, 553 F. 3d 344, 349-350 (4th Cir. 2009) (burden of proving authentication is on proponent).

5. **Conclusion**.

For the reasons set forth herein, BECAUSE Defendants have utterly failed to authenticate such exhibits as required by FRE 901(a), Defendants' Exhibit 40-1, Exhibit 40-2, Exhibit 40-3, Exhibit 40-4, Exhibit 40-5, Exhibit 40-6, Exhibit 41-1,

4

Exhibit 41-2, Exhibit 41-3, Exhibit 41-4, and Exhibit 41-5 must each be struck and excluded by the Court in its consideration of Defendants' Motion to Dismiss the Second Amended Complaint.

This 15th day of May, 2014.

_____
Katharine B. Dillon
Plaintiff *pro se*

440 Fort Henry Drive
Fort Wright, Kentucky 41011
(301) 502- 9342

_____
Joan M. Pate (by KBD)
M. S., B. S. N., R.N. - BC, *self pursely*
Captain, USN (ret.) *Authorized by*
Plaintiff *pro se* *fax on 5-15-14*
36 Castle Rock Rd. SE *by Joan M Pate*
Rio Rancho, NM 87124
(505) 453-6079

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2014, I have mailed a true copy of the attached and foregoing Motion to Strike and Exclude Defendants' Exhibits to the following counsel of record, first class U.S. postage prepaid:

        Christopher Graebe
        4350 Lassiter at North Hills, Suite 375
        Raleigh, NC 27609

This 15th day of May, 2014.

                              Katharine B. Dillon
                              Plaintiff *pro se*

                              440 Fort Henry Drive
                              Fort Wright, Kentucky 41011
                              (301) 502- 9342

6

Case 1:13-cv-00424-WO-JLW   Document 46   Filed 05/16/14   Page 6 of 6