UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:13-cv-424

| | |
|---|---|
| JOAN M. PATE and KATHARINE B. DILLON, <br><br>　　Plaintiffs, <br><br>v. <br><br>THERESA M. BUTLER, DAVID R. GUIN, PATRICIA B. GUIN, and REGINA B. SRIRAMAN, <br><br>　　Defendants. | **DEFENDANTS' RESPONSE TO "PLAINTIFFS' REVISED MOTION FOR LEAVE TO AMEND TO FILE THIRD AMENDED COMPLAINT AND SUPPORTING BRIEF"** |

　　The Plaintiffs are proving themselves to be nothing if not adaptable, the litigation equivalent of shapeshifters, changing legal theories and parties as needed to try to avoid dismissal. They started with Vincent Butler and Katharine Dillon, apparently suing in their own right. When the Defendants pointed out that Vincent Butler was a resident of Maryland, Mr. Butler suddenly "changed" his residence to Delaware (although he simultaneously said his address was Joyce Nolen's house in Delaware but he lived on his "motor yacht"). When the Defendants presented irrefutable evidence that Mr. Butler is, in fact, a resident of Maryland, he simply bailed out and dismissed, and Ms. Pate joined as a plaintiff. Then, when the Defendants moved to dismiss the next iteration of the Complaint on the grounds (among others) that three of the Defendants owed no fiduciary duty to the Plaintiffs, but any duty would have been owed to the mother, Audrey Butler, the Plaintiffs moved to amend again, this time to "clarify" that the Estate of Audrey Butler is the real party in interest, and that the claims are brought on behalf of the Estate.

Now, seeing the writing on the wall that the case should be dismissed for lack of diversity because the Estate's citizenship is determined by the North Carolina citizenship of the decedent, they have filed the latest "revised motion," which appears to abandon their claim that the Estate is the real party in interest, does not speak to the issue of real party in interest at all, and advances a brand new "cover up" theory, apparently to try to parry the fatal blow of the statute of limitations argument made by the Defendants.

This is not a case of an unsophisticated *pro se* plaintiff struggling to plead valid claims. These Plaintiffs and their disbarred brother have been and still are cynically toying with the Court and the Defendants. They are insulting the federal courts with this nonsense. Whichever one of the now *five* versions of this lawsuit the Court examines, every one of them is subject to dismissal on substantive grounds and/or on grounds of lack of subject matter jurisdiction and/or on grounds of failure to join an indispensable party. Those grounds have been adequately stated in Defendants' prior briefs.

The Defendants consented in open court to the filing of the original Third Amended Complaint, which stated that the Estate of Audrey Butler is the real party plaintiff and that all claims were brought on behalf of the Estate. The Defendants absolutely do not consent to the latest "revised motion," and it should be summarily denied as in bad faith and futile. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.") The Defendants should not be put to the further expense of continuing to shoot at this moving target.

One final note: at the hearing on Monday, June 9, 2014, Plaintiff Katharine Dillon represented to the Court that Plaintiff Joan Pate could not appear because she was at her home in New Mexico sick in bed. However, the day before the hearing, June 8, 2014, Joan Pate's husband posted the following on Facebook, indicating that Joan Pate was already in North Carolina:



On the morning of June 11, 2014, undersigned counsel tried to call Ms. Pate to ask her directly where she was when her husband said "Joan in NC." She did not respond. Undersigned counsel then offered the Plaintiffs an opportunity to explain this to the Court by sending them the following email:

3

> I called Ms. Pate and left a message for her to call me, but I have not heard back, so I am sending this email. At the hearing in federal court on Monday, Ms. Dillon stated to the court that Ms. Pate could not attend because she was sick in New Mexico. The day before the hearing, however, Ms. Pate's husband posted on Facebook: "Joan in NC, here with the kids." I am writing to give you both the opportunity to tell Judge Osteen the truth in the papers you will be filing today. If you do not inform Judge Osteen yourselves, I will inform him.

Neither Plaintiff responded to the email, and the Plaintiffs did not inform the Court. After the email, however, Mr. Pate did delete the post from his Facebook timeline, which now goes directly from June 7 to June 9: https://www.facebook.com/chiefpate?fref=ts&ref=br_tf. Plaintiffs must not have known that the Defendants took a screen shot of the post before Mr. Pate could delete it.

Enough is enough. This ridiculous lawsuit is an outrage and should be dismissed. Upon dismissal, the Defendants intend to move for all of their attorney fees and expenses incurred in defense of this action.

This the 12th day of June, 2014.

By: /s/ Christopher T. Graebe
Christopher T. Graebe, NCSB No. 17416
Attorney for Defendants
GRAEBE HANNA & SULLIVAN, PLLC
4350 Lassiter at North Hills, Suite 375
Raleigh, North Carolina 27609
Telephone: (919) 863-9092
Facsimile: (919) 863-9095
Email: cgraebe@ghslawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non CM/ECF participants:

    Katharine B. Dillon
    440 Fort Henry Drive
    Fort Wright, KY 41011

    Joan M. Pate
    36 Castle Rock Road SE
    Rio Rancho, NM 87124

                        By:   /s/ Christopher T. Graebe
                                Christopher T. Graebe, NCSB No. 17416
                                Attorney for Defendants
                                GRAEBE HANNA & SULLIVAN, PLLC
                                4350 Lassiter at North Hills, Suite 375
                                Raleigh, North Carolina 27609
                                Telephone:   (919) 863-9092
                                Facsimile:    (919) 863-9095
                                Email:          cgraebe@ghslawfirm.com