UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:13-cv-424

| | |
|---|---|
| JOAN M. PATE and KATHARINE B. DILLON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) **DEFENDANTS' RESPONSE TO** |
| | ) **PLAINTIFFS' MOTION TO** |
| THERESA M. BUTLER, DAVID R. | ) **STRIKE AND TO THE COURT'S** |
| GUIN, PATRICIA B. GUIN, and | ) **ORDER OF JULY 10, 2015** |
| REGINA B. SRIRAMAN, | ) |
| | ) |
| Defendants. | ) |

On July 10, 2015, the Court entered an Order requesting two clarifications from the parties: (1) whether Docs. 40-6, 41-1, and 41-2 can or should be considered by the Court in light of Plaintiffs' Motion to Strike on the ground that the documents have not been properly authenticated, and, in addition (2) how Docs. 48-2, 48-3, and 48-4 should be considered by the Court. This response addresses both matters.

The Authentication Issue

All of the items mentioned in the Court's Order are items filed with the Moore County Clerk of Superior Court, each bearing the official stamp and initials of the duly authorized clerk in Moore County. This is "[e]vidence that . . . a document was recorded or filed in a public office as authorized by law," which is sufficient to authenticate each item under the Federal Rules of Evidence. FRE 901(B)(7). Out of an abundance of caution and simply to avoid any possibility of further wrangling over authenticity,

Defendants are filing as exhibits to this response certified copies of all of the referenced items, making them self-authenticating under Rule 902.[1]

The Significance of the Items

Plaintiffs have made clear that "**the Estate of Audrey Marie Butler is in fact the real party in interest in this case**, as the Plaintiffs, who are children and heirs at law of Audrey Marie Butler, are suing the Defendants in their individual capacity and jointly and severally, as well as suing Theresa M. Butler as the Personal Representative of the Estate of Audrey Marie Butler, for the tortious actions of such Defendants including but not limited to fraud, constructive fraud, and breach of their respective fiduciary duties to Audrey Marie Butler, deceased." [Doc. 45, pp. 2-3 (Plaintiffs' Response to Motion to Dismiss, emphasis added)]. The documents referenced by the Court in its Order relate directly to arguments for dismissal previously made in support of Defendants' motion to dismiss.

> The Estate is no longer a legal entity, as it was closed in 2012. Plaintiffs would need to obtain an order re-opening the Estate in order to sue on its behalf.

The Estate was settled and closed in accordance with North Carolina law on September 18, 2012. N.C. Gen. Stat. § 28A-23-1 provides the procedure for closing estates:

---

[1] The authenticity of the other documents cited in Plaintiffs' Motion to Strike, which were part of the overwhelming evidence that the late Vincent Butler was a resident of Maryland, destroying diversity, is no longer material, because the Plaintiffs have made clear that they are suing derivatively on behalf of the Estate of Audrey Butler. The Estate is undisputedly a North Carolina entity for purposes of diversity (mandating dismissal for lack of subject matter jurisdiction), as explained in Defendants' Reply Memorandum on the Motion to Dismiss.

2

> When the personal representative or collector has paid or otherwise satisfied or provided for all claims against the estate, has distributed the remainder of the estate pursuant to G.S. 28A-22-1 and has filed the personal representative's or collector's final account for settlement pursuant to G.S. 28A-21-2, if the clerk of superior court, after review of the personal representative's or collector's final account, approves the same, the clerk of superior court shall enter an order discharging the personal representative or collector from further duties and liabilities as personal representative or collector, including those set forth in Article 13 of this Chapter. However, that such an order shall not include a release or discharge of liability for any breach of duty set forth in G.S. 28A-13-10(c).

The final account was submitted by executrix Theresa Butler in 2012. It was approved by the Moore County Clerk of Superior Court and filed on September 18, 2012. Theresa Butler was discharged, and the Estate was closed. [Doc. 48-2]. Accordingly, the Estate of Audrey Butler no longer has the capacity to sue or otherwise act.

There is a procedure for reopening an estate. N.C. Gen. Stat. § 28A-23-5 permits the state court clerk, "after an estate has been settled and the personal representative discharged" to re-open an estate for any "proper cause" upon the petition of "any person interested in the estate." *Id.* If the clerk finds sufficient cause, he or she "may reappoint the personal representative or appoint another personal representative to . . . perform such acts as may be deemed necessary." *Id.* Until the Moore County Clerk of Superior Court re-opens the Estate of Audrey Marie Butler, the Estate has no legal existence that would permit it to prosecute claims, derivatively or otherwise.

<u>The Issues in this Action Have Already Been Litigated in State Court</u>

Now that it is clear that the Estate is the real party in interest, collateral estoppel is even more applicable. In a thoughtful opinion for the North Carolina Business Court,

3

Judge Murphy made clear that collateral estoppel applies to orders of the clerk in estate proceedings:

> "The clerk of superior court of each county . . . shall have jurisdiction of the administration, settlement, and distribution of estates of decedents including, but not limited to, estate proceedings as provided in G.S. 28A-2-4." N.C. Gen. Stat. § 28A-2-1 (2013). Therefore, orders of a Clerk entered in estate proceedings within the Clerk's jurisdiction can serve as grounds to invoke collateral estoppel. *See C.C. Mangum, Inc. v. Brown*, 124 N.C. App. 658, 659-61, 478 S.E.2d 245, 246-247 (1996) (affirming trial court's entry of summary judgment on the basis of collateral estoppel premised on Clerk's order regarding foreclosure sale of real property).

*Wortman v. Hutaff*, 2013 NCBC LEXIS 47, 55 (N.C. Super. Ct., October 29, 2013). The Estate of Audrey Butler was a party, of course, to the guardianship and estate proceedings adjudicated by the Moore County Clerk.

Contrary to Plaintiffs' assertion in their response that the issues in this action were not actually litigated, they were squarely before the clerk. Vincent Butler filed numerous petitions with the Moore County Clerk (presumably also derivatively on behalf of the Estate), seeking relief for some if not all of the same acts about which the Plaintiffs now complain on behalf of the Estate. For example, in one petition, Mr. Butler claimed: "Guardians, Guin and Shiraman [sic], have misappropriated, mis-spent, converted, or 'wasted' in excess of **$750,000,** with part of it, purportedly, being used for the maintenance of the Respondent and the rest being spent by the Guardians on such personal expenditures and pleasures as: [listing alleged conduct also listed in Second Amended Complaint at ¶ 56]. [Doc. 48-3, ¶ 2]. The petition also complained about certain transactions that are also listed almost *verbatim* in the Second Amended Complaint at ¶ 57. [Doc. 48-3, ¶ 9]

4

In another petition, Vincent Butler complained that certain of Audrey Butler's personal property had been "spirited out of the State of North Carolina." [Doc. 48-4, ¶¶ 4-5]. Plaintiffs essentially "cut-and-pasted" these allegations in the Second Amended Complaint at ¶¶ 58, 61. Paragraphs 7-8 of the petition [Doc. 48-4] and paragraphs 62-63 of the Second Amended Complaint are identical to one another, complaining about payment of a fee to Defendant Theresa Butler for services as interim guardian.

In yet another petition, Vincent Butler sought an order requiring that any person filing any document with the clerk to send a copy to all beneficiaries. [Doc. 48-5]. This mirrors "Count II" of the Second Amended Complaint, in which the Plaintiffs complain that they did not receive sufficient information from the Guardians or Executrix.

In response to all of these allegations and after a hearing in open court, the Clerk held: "All required inventories and accountings have been filed relative to the matters involving Audrey M. Butler and the public, including beneficiaries and interested persons have the right to view, inspect, and purchase copies of these records." [Doc. 40-6, ¶ 12]. The Clerk further held: "The General Statutes of North Carolina do not require guardians to furnish copies of the filings to any other person." [Doc. 40-6, ¶ 13]. The Clerk otherwise dismissed Butler's three petitions and denied all requested relief. Plaintiffs may not relitigate these issues now.

CONCLUSION

For all of the above reasons and the reasons set forth in Defendants' earlier briefing, the Second Amended Complaint (or Third Amended Complaint, if that is now the operative Complaint) should be dismissed with prejudice under Rule 12(b)(6) or

5

without prejudice for lack of subject matter jurisdiction, or lack of capacity to sue, or on the grounds that an estate may not appear *pro se*. The Motion to Strike should be denied.

This the 27th day of July, 2015.

> By: /s/ Christopher T. Graebe
> Christopher T. Graebe, NCSB No. 17416
> Attorney for Defendants
> GRAEBE HANNA & SULLIVAN, PLLC
> 4350 Lassiter at North Hills, Suite 375
> Raleigh, North Carolina 27609
> Telephone: (919) 863-9092
> Facsimile: (919) 863-9095
> Email: cgraebe@ghslawfirm.com

6

Case 1:13-cv-00424-WO-JLW   Document 56   Filed 07/27/15   Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non CM/ECF participants:

Katharine B. Dillon
440 Fort Henry Drive
Fort Wright, Kentucky 41011

Joan M. Pate
36 Castle Rock Road SE
Rio Rancho, NM 87124

                    By:    /s/ Christopher T. Graebe
                             Christopher T. Graebe, NCSB No. 17416
                             Attorney for Defendants
                             GRAEBE HANNA & SULLIVAN, PLLC
                             4350 Lassiter at North Hills, Suite 375
                             Raleigh, North Carolina 27609
                             Telephone:   (919) 863-9092
                             Facsimile:   (919) 863-9095
                             Email:   cgraebe@ghslawfirm.com