UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:13-cv-424

| | |
|---|---|
| JOAN M. PATE and KATHARINE B. DILLON,<br><br>Plaintiffs,<br>v.<br><br>THERESA M. BUTLER, DAVID R. GUIN, PATRICIA B. GUIN, and REGINA B. SRIRAMEN,<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **PLAINTIFFS' AUGUST 3, 2015** <br> ) **BRIEF IN RESPONSE TO** <br> ) **JULY 10, 2015 COURT ORDER** <br> ) **AND DEFENDANTS'** <br> ) <u>**JULY 27 2015 BRIEF**</u> <br> ) |

Plaintiffs **KATHARINE B. DILLON** and **JOAN M. PATE** ("Plaintiffs") have previously shown, by means of authenticated bank records, how the Defendants (two of whom are practicing lawyers), acting jointly and severally, committed unconscionable fraud, **constructive fraud**, and breaches of their respective fiduciary duties owed to the Decedent (Defendants' own mother or mother-in-law), by wasting, misappropriating and/or converting more **$727,030.00** of the incompetent Decedent's principal, without ever obtaining any prior authorization from the Clerk of Moore County Superior Court for such "overspending;" Defendants committed such wrongful actions from August, 2006, up to and just prior to the Decedent's death in May, 2010, for their own benefit, in

1

clear and manifest violation of N.C.G.S. §§ 35A-1251(12) and (17)(a). **Dkt. No. 18**, Exhibits 1 - 19; **Dkt. 50-1**, Exhibit A; **Dkt. 57**, Exhibit 1, Declaration of Katharine Dillon, para. 18.

In their response to Plaintiffs' Complaint, as amended, Defendants have not ever attempted to justify or excuse their wrongful actions, including constructive fraud, committed against their mother/Ward during their nearly four-year spending spree, which tortious actions so reduced and gutted the incompetent Decedent's principal from an initial amount of over a million dollars in August 2006, that virtually nothing was left by the time of the Decedent's death in late May, 2010. **Dkt. 57**, Exhibit 1, Declaration of Katharine Dillon, para. 7.

But rather than making any effort to refute or controvert Plaintiffs' shocking charges of unconscionable wrongdoing and constructive fraud against their own mother or mother-in-law, in this case, Defendants have instead focused on a series of scurrilous, *ad hominem* attacks on Vincent Butler, who voluntarily withdrew as a party to this case two years ago, and who subsequently died on July 28, 2014. **Dkt. No. 29**; **Dkt. No. 52**; **Dkt. 57**, Ex. 1, Dec. of Katharine Dillon, para. 10.

1. **Pursuant to N.C.G.S. § 28A-13-10( c), Theresa Butler, the Decedent's Personal Representative, has been properly named as a defendant in this case in such capacity.**

Defendants are desperately seeking to dodge their day of reckoning in this

case for their tortious actions committed against their incompetent and disabled mother by now provocatively asserting that Plaintiffs' claims must be dismissed because Plaintiffs have not named the Decedent's estate, the "real party in interest," as a party to this action. **Dkt. No. 56**, pp. 2 -3.

Not surprisingly, Defendants cite no legal authority for such proposition.

In fact, it is well established in North Carolina that claims by or against a decedent must be asserted by or against the **decedent's personal representative**, not in the name of the estate itself. **N.C.G.S. § 28A-18-1(a)**, "Survival of actions to and against personal representative," provides as follows:

> (a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate. **N.C.G.S. § 28A-18-1(a)**.

Moreover, **N.C.G.S. § 28A-18-3**, "To sue or defend in representative capacity," provides as follows:

> All actions and proceedings brought by or against personal representatives or collectors upon any cause of action or right to which the estate of the decedent is the real party in interest, must be brought by or against them in their **representative capacity**. **N.C.G.S. § 28A-18-3** (emphasis added).

Thus, it is evident that Plaintiffs' claims, including their claims for constructive fraud, must be made against a decedent's personal representative.

3

*See also*, **N.C.G.S. § 28A-13-10( c)**, "Liability of personal representative" Breach of Duty. ("...if the exercise of power concerning the estate is improper, the personal representative **is liable for breach of fiduciary duty to interested persons** for resulting damage or loss to the same extent as a trustee of an express trust."). **N.C.G.S. § 28A-13-10( c)**(in part).

Here, Plaintiffs, who are clearly interested persons, given their status as children of the Decedent, have properly named Defendant Theresa M. Butler, the Decedent's personal representative, as a defendant in Ms. Butler's personal capacity **and** as personal representative of the Decedent's estate in their claims in this case, including claims for constructive fraud . **Dkt. No. 47-1**, pp. 2, 4, 6 - 8. Plaintiffs further clearly have standing as interested persons to sue Defendant Theresa Butler, in her capacity as the Decedent's personal representative, pursuant to **N.C.G.S. § 28A-13-10( c)** as cited above.

### 2.   No Probate Claims included in Complaint

As previously stated, the wrongful tortious acts at issue in Plaintiffs' Complaint, as amended, occurred prior to the Decedent's death, resulting in the complete liquidation of the Decedent's principal prior to her death, and none of the claims hereunder are coterminous with any probate claims or probate matters of the Decedent's estate. In fact, Defendants' wrongful acts had made the

4

Decedent penniless by the time of her death. **Dkt. 57**, Exhibit 1, Declaration of Katharine Dillon, 4, 7.

Accordingly, because no property at issue in this lawsuit has been the subject of any probate proceeding, this lawsuit is not a "pure" probate matter, and this Court may exercise diversity jurisdiction over Plaintiffs' claims herein, including their claims for constructive fraud. *See, e.g.,* Marshall v. Marshall, 547 U.S. 293, 310 -311 (2004); Markham v. Allen, 326 U.S. 490, 494 (1946).

The "probate exception" to Federal diversity jurisdiction has no application to this case, as there in no effort herein to probate a will or administer an estate, nor have any of the assets at issue herein ever been within the possession or control of a probate court. Marshall, 547 U.S. at 311-312 (2006).

### 3. **No Collateral Estoppel from earlier activities of Vincent Butler because Clerk of Superior Court has no Jurisdiction over Constructive fraud claims.**

Defendants also contend that Plaintiffs should not be permitted to recover in this action for claims (apparently including Plaintiff's constructive fraud claims) as such were allegedly previously litigated by Vincent Butler before the Moore County Clerk, and subsequently barred by the alleged principle of collateral estoppel. **Dkt. No. 56**, pp. 3 - 5.

As previously stated, Vincent Butler, who was previously a party to this

5

Case 1:13-cv-00424-WO-JLW Document 58 Filed 08/03/15 Page 5 of 10

lawsuit, voluntarily withdrew as a party to this case two years ago prior to any defendant filing an answer, and Vincent Butler subsequently died on July 28, 2014. **Dkt. No. 29**; **Dkt. No. 52**; **Dkt. 57**, Ex 1, Dec. of K. Dillon, para. 10.

The doctrine of collateral estoppel has been developed by the courts of our legal system to protect litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 58 L.Ed. 2d 552, 559 (1979). The "classic" American case is the United States Supreme Court's decision in Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1877). Justice Field, writing for the Court, described collateral estoppel as follows:

> "... where the second action between the same parties is upon a different claim or demand, the judgment in the prior action <u>operates as an estoppel only as to those matters in issue or points controverted,</u> upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action. Cromwell, 94 U.S. at 352-53, 24 L. Ed. at 197-98 (1877)(emphasis added).

Defendants cite the inapposite case of Wortman v. Hutaff, 2013 NCBC LEXIS 47, 55 (N.C. Super Ct., October 29, 2013) for the proposition that orders entered in **estate proceedings** can serve as grounds to invoke collateral estoppel.

6

Wortman, 2013 NCBC LEXIS 47 at 55.

But Plaintiffs are here clearly asserting claims, including but not limited to claims for constructive fraud (but **not** any **probate claims** or **estate claims**, that do not arise out of the probate of Decedent's will or the administration of Decedent's estate; *see* Marshall, 547 U.S. at 311-12 (2006)), arising out of wrongful acts committed by the Defendants during the period of August, 2006, up to and just **prior to the Decedent's death** in May, 2010, for their own benefit, in clear and manifest violation of N.C.G.S. §§ 35A-1251(12) and (17)(a). **Dkt. No. 18**, Exhibits 1 - 19; **Dkt. 50-1**, Exhibit A; **Dkt. 57**, Exhibit 1, Declaration of Katharine Dillon, para. 18.

Vincent Butler never asserted a constructive fraud claim in any of the state court filings cited by the Defendants, which appear to have all been petitions before the Clerk of the Moore County Superior Court. Nor could Vincent Butler have ever asserted a constructive fraud claim before the Clerk of Moore County Superior Court, because the Clerk of the Moore County Superior Court Clerk has jurisdiction over matters relating to the probate of wills, and the administration of estates, not tort claims like constructive fraud claims.

Defendants' arguments for dismissal based on collateral estoppel are therefore shown to be frivolous and unsupported by law or relevant facts.

This 3rd day of August, 2015.

_____
Katharine B. Dillon
Plaintiff *pro se*
2319 Royal Drive
Fort Mitchell, Kentucky 41017
(301) 502-9342


_____
Joan M. Pate,
Plaintiff *pro se*
36 Castle Rock Road SE
Rio Rancho, NM 87124
(505) 453-6079

8

This 3rd day of August, 2015.

                                                    _____
                                                    Katharine B. Dillon
                                                    Plaintiff *pro se*
                                                    2319 Royal Drive
                                                    Fort Mitchell, Kentucky 41017
                                                    (301) 502-9342

                                                    */s/ Joan M. Pate*
                                                    _____
                                                    Joan M. Pate,
                                                    Plaintiff *pro se*
                                                    36 Castle Rock Road SE
                                                    Rio Rancho, NM 87124
                                                    (505) 453-6079

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and forgoing Plaintiffs' August 3, 2015 Brief has been served via electronic ECF filing, to the following:

      Christopher Graebe
      4350 Lassiter at North Hills Ave.
      Suite 375
      Raleigh, NC 27609

This 3rd day of August, 2015.

            *[signature]*
      Katharine B. Dillon
      Plaintiff *pro se*
      2319 Royal Drive
      Fort Mitchell, Kentucky 41017
      (301) 502-9342

9

Case 1:13-cv-00424-WO-JLW   Document 58   Filed 08/03/15   Page 10 of 10