IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KATHARINE B. DILLON and     )
JOAN M. PATE,               )
                            )
            Plaintiffs,     )
                            )
      v.                    )          1:13CV424
                            )
THERESA M. BUTLER, DAVID R. )
GUIN, PATRICIA B. GUIN, and )
REGINA B. SRIRAMAN,         )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before this court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 39) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because this court finds that complete diversity pursuant to 28 U.S.C. § 1332 is not present, this court will grant Defendants' Motion (Doc. 39). In addition, for the reasons explained fully in this Memorandum Opinion and Order, this court will deny Plaintiffs' Motion to Strike or Exclude Unauthenticated Exhibits to Defendants' Motion to Dismiss Second Amended Complaint (Doc. 46) in part and grant it in part and will deny Plaintiffs' Revised Motion for Leave to File Third Amended Complaint (Doc. 50).

# I.  BACKGROUND

## A.  Procedural History

The present action commenced on May 28, 2013, when Plaintiffs Vincent A. Butler[1] and Katharine B. Dillon filed suit against Defendants Theresa M. Butler, David R. Guin, Patricia B. Guin, and Regina B. Sriraman (collectively "Defendants"), (Complaint ("Compl.") (Doc. 1)), followed by their First Amended Complaint two days later.  (Amended Complaint ("Am. Compl.") (Doc. 5).)  On June 18, 2013, Joan M. Pate filed a Motion to Intervene (Doc. 6), but before Defendants filed any response, Plaintiffs filed a Second Amended Complaint with Attachments on June 21, 2013, adding Joan M. Pate as a plaintiff and supplementing their claims with additional factual background. (Second Amended Complaint ("Second Am. Compl.") (Docs. 10, 11).) Three days later, on June 24, 2013, Defendants David R. Guin and Patricia B. Guin filed a Motion to Dismiss (Doc. 8), followed by a Motion to Strike Second Amended Complaint (Doc. 13).  It is unclear to this court whether or not Defendants had knowledge that a Second Amended Complaint had been filed when Defendants filed their Motion to Dismiss (Doc. 8). Over the next month, the parties traded responses and replies to the various motions

---

[1] Plaintiff Katharine B. Dillon filed a Suggestion of Death of Vincent A. Butler on July 30, 2014. (Doc. 52.)

- 2 -

already filed, interrupted only by Defendants Theresa M. Butler
and Regina B. Sriraman's Motion to Dismiss (Doc. 24) filed on
July 25, 2013. On August 14, 2013, Plaintiff Vincent Butler
filed a Notice of Voluntary Dismissal (Doc. 29) of all his
claims pursuant to Fed. R. Civ. P. 41(a)(1)(A), removing himself
from the case. On March 31, 2014, following Vincent Butler's
voluntary dismissal, this court dismissed most of the
outstanding motions as moot and gave the remaining parties a
circumscribed timeline in which to file new motions, including
the Motion to Dismiss the Second Amended Complaint (Doc. 39)
presently before this court. (Order (Doc. 38).)

Plaintiffs filed not only a Brief in Opposition to
Defendants' Motion to Dismiss (Doc. 45), to which Defendants
filed a Reply (Doc. 48), but also a Motion for Leave to File
Third Amended Complaint (Doc. 47), which Defendants did not
oppose. This court granted Plaintiffs' Motion for Leave at a
hearing held on June 9, 2014, and allowed Plaintiffs to file the

Third Amended Complaint attached to the motion.[2] Because the

Third Amended Complaint merely supplements, rather than

replaces, the Second Amended Complaint, this court has not

---

[2] In an apparent misunderstanding of this court's statements at the June 9, 2014 proceedings, Plaintiffs have now attempted to file a "Revised" Third Amended Complaint that addresses many of the arguments made by defense counsel at the June 9 hearing. (See generally Pls.' Revised Mot. for Leave to File Third Am. Compl., Ex. A, Revised Third Amended Complaint (Doc. 50-1).) This court wishes to make clear that its June 9 ruling only granted Plaintiffs permission to file the specific version of the Third Amended Complaint attached to their previous Motion for Leave (Doc. 47-1) and did not give Plaintiffs permission to file a further revised motion after hearing Defendants' objections. Defendants' acquiescence to the court's ruling was premised on such an understanding, and it would be a manifest injustice to allow further revision at this point. In the June 9, 2014 proceeding, this court stated that it would consider the third amended complaint. That third amended complaint is Doc. 47-1 filed on May 16, 2014. Generally "leave to amend a complaint . . . should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Steinburg v. Chesterfield Cty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008)(internal citations omitted). Therefore, in an abundance of caution, this court has considered the allegations contained in the Revised Third Amended Complaint and finds they do not impact this court's ultimate conclusions in granting Defendants' Motion to Dismiss. An amendment is futile if it would fail to withstand a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). In contrast to the Third Amended Complaint, the Revised Third Amended Complaint is silent as to Plaintiffs suing on behalf of the estate, but gives no evidence to support a finding to the contrary. The Revised Third Amended Complaint does not cure any of the jurisdictional deficiencies that exist in the Third Amended Complaint. This court will therefore deny Plaintiffs' Revised Third Amended Complaint and the associated motion (Doc. 50) as futile and proceed only on the original version of the Third Amended Complaint.

- 4 -

required Defendants to file a renewed motion to dismiss. Plaintiffs have also submitted a Motion to Strike or Exclude Unauthenticated Exhibits to Defendants' Motion to Dismiss Second Amended Complaint. (Doc. 46.) Because this court has not considered the exhibits in deciding Defendants' present motion, except in the limited fashion described in detail in this memorandum opinion and order, Plaintiffs' motion to strike will be granted in part and denied in part.

### B. **Relevant Facts**

This case is a family dispute over the assets of the late Audrey Marie Butler ("Decedent"), who passed away in 2010. Plaintiffs allege that Defendants mishandled Decedent's finances during the final years of her life. With the exception of Defendant David Guin, who is married to Defendant Patricia Guin, all of the parties to this lawsuit are Decedent's natural children, heirs at law, and beneficiaries under her will. (See Second Am. Compl. (Doc. 10) at 5-6.)[3]

Plaintiffs assert the following timeline of facts. Decedent executed a power of attorney in 2005. (Id. ¶ 24.) Plaintiffs learned of the powers of attorney in 2006. (Id. ¶¶ 27, 30.)

---

[3] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Defendant Theresa Butler was appointed Temporary Inter-Vivos Trustee of Decedent's personal property on January 8, 2007. (Id. ¶ 34.) Defendant Theresa Butler was also the executrix of Decedent's estate. (Id. ¶ 6.) Defendants Patricia Guin and Regina Sriraman were appointed Joint Permanent Guardians of the Person and Property of Decedent on March 2, 2007. (Id. ¶ 37.) This appointment superseded the prior powers of attorney executed by Decedent. (Id. ¶ 38.) Audrey Butler died on May 23, 2010. (Id.) Defendant David Guin acted as Decedent's attorney during her lifetime but is not a beneficiary under her will. (Id. ¶ 7.)

In their Second Amended Complaint, Plaintiffs allege that each of the Defendants (1) failed to prudently and honestly manage and administer Decedent's assets, in violation of their fiduciary duties to Decedent and her beneficiaries (id. at 13-22), (2) failed to "provide complete and accurate information regarding serious mismanagement and improper practices and public misrepresentations" regarding Decedent's estate to Decedent and her beneficiaries (id. at 22-23), and (3) knowingly enabled, participated in, or failed to remedy each other's fiduciary breaches (id. at 23-25). In their Third Amended Complaint, Plaintiffs added an additional claim of constructive fraud, alleging that each Defendant abused a position of trust

and confidence with Decedent in order to defraud her. (Third Am.
Compl. (Doc. 47-1) at 5-8.)

## II.  <u>LEGAL STANDARD</u>

A federal court must, in every case, evaluate whether it
has subject matter jurisdiction to hear the case.  <u>Davis v. Pak</u>,
856 F.2d 648, 650 (4th Cir. 1988).  Federal courts "have
original jurisdiction of all civil actions arising under"
federal law.  28 U.S.C. § 1331 (2012).  Where federal courts
lack such jurisdiction over a claim, those court may also
exercise jurisdiction if there is diversity of citizenship
between the parties, subject to the $75,000 amount-in-
controversy requirement, 28 U.S.C. § 1332 (2012), or through
supplemental jurisdiction where state-law and federal claims may
be heard together. 28 U.S.C. § 1367 (2012). In cases where the
basis for jurisdiction is diversity of citizenship, parties must
present "complete" diversity of citizenship, where there is "no
plaintiff and no defendant who are citizens of the same State."
<u>Wis. Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 388 (1998).

"In determining whether jurisdiction exists, the district
court is to regard the pleadings' allegations as mere evidence
on the issue, and may consider evidence outside the pleadings
without converting the proceeding to one for summary judgment."
<u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945

- 7 -

F.2d 765, 768 (4th Cir. 1991). "[W]hen a federal court concludes
that it lacks subject-matter jurisdiction, the court must
dismiss the complaint in its entirety." Arbaugh v. Y&H Corp.,
546 U.S. 500, 514 (2006).

When a party is proceeding pro se, that party's filings are
"to be liberally construed and a pro se complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers." Erickson v. Pardus,
551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
106 (1977)). It is important to note that, in the case of a pro
se plaintiff, the United States Court of Appeals for the Fourth
Circuit has "not read Erickson to undermine Twombly's
requirement that a pleading contain more than labels and
conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th
Cir. 2008) (dismissing pro se complaint).

## III. **ANALYSIS**

There are currently three motions pending in the present
action. This court will first address Plaintiffs' Motion to
Strike or Exclude (Doc. 46) and then address Defendants' Motion
to Dismiss Second Amended Complaint (Doc. 39). For the reasons
explained in note 2 supra, Plaintiffs' Motion for Leave to File
Third Amended Complaint (Doc. 50) will be denied.

A.  **Motion to Strike**

Plaintiffs have submitted a Motion to Strike or Exclude
Unauthenticated Exhibits to Defendants' Motion to Dismiss Second
Amended Complaint. (Doc. 46.)  Specifically, Plaintiffs ask this
court to strike documents they claim are unauthenticated that
fall into two categories: (1) documents related to the domicile
of Vincent Butler, and (2) documents related to prior court
proceedings regarding Decedent's estate.[4]  The majority of these
documents (Docs. 40-1, 40-2, 40-3, 40-4, 40-5, 41-3, 41-4, and
41-5) were submitted in support of Defendants' contention that
Vincent Butler's residence is not as he submits to this court.
This court did not rely on these documents in any way in

_____

[4] Plaintiffs ask this court to strike the following
documents:
     40-1 (Maryland Driving Record for Vincent A. Butler),
     40-2 (Maryland Voter Lookup for Vincent A. Butler),
     40-3 (Documents from Butler v. Erie Insurance Group),
     40-4 (Corporate records of Chesapeake Marine Enterprises,
Ltd.),
     40-5 (Maryland Attorney Grievance filed by Vincent A.
Butler against Theresa M. Butler),
     40-6 (October 18, 2010 Moore County, North Carolina
Superior Court Order),
     41-1 (July 6, 2010 petition filed by Vincent A. Butler in
Moore County, North Carolina Superior Court),
     41-2 (January 4, 2011 petition filed by Vincent A. Butler,
et al., in Moore County, North Carolina Superior Court),
     41-3 (Howard County, Maryland District Court case search),
     41-4 (Sussex County, Delaware tax search of Joyce Nolen),
and
     41-5 (Joyce Nolen Deed).

assessing the motions in this order and therefore grants the motion to strike as to these documents.

The remaining documents (Docs. 40-6, 41-1, and 41-2) are North Carolina state court documents. This court has considered the state court probate documents (Docs. 40-6, 41-1, 41-2) in the alternative basis for dismissal set out in Section III.B.3. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006) (citing Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss")). This court may take judicial notice of the prior court proceedings without converting the motion to one for summary judgment. See Witthohn, 164 F. App'x at 397 (holding the district court's consideration of the prior judicial record did not convert a motion to dismiss into a motion for summary judgment). Therefore, this court denies the motion to strike as to the state court documents (Docs. 40-6, 41-1, and 41-2) and will consider them for the limited purposes set forth fully in Section III.B.3.

**B.    Motion to Dismiss**

The current action is presently before this court because Plaintiffs assert federal jurisdiction stemming from diversity pursuant to 28 U.S.C. § 1332. (Third Am. Compl. (Doc. 47-1) at

- 10 -

4.) Plaintiffs' claims all stem from allegations of misconduct surrounding the administration of Decedent's affairs prior to her death. Plaintiffs have not alleged any claims under federal law. The only federal jurisdiction asserted is through diversity. "Absent diversity of citizenship . . . . [f]ederal jurisdiction . . . exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rayner v. Smirl, 873 F.2d 60, 63 (4th Cir. 1989) (internal citations omitted.)

This court finds two potential issues in this case with regard to the complete diversity requirement of 28 U.S.C. § 1332. If the parties are not completely diverse, this court does not have subject matter jurisdiction and must dismiss the action.

### 1. Plaintiff Vincent Butler's Domicile at Time of Filing

28 U.S.C. § 1332 grants this court original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The statute has been interpreted to require complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. See, e.g., Cent. W. Va.

Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

In addressing whether complete diversity exists in an action, the Fourth Circuit has held that:

> Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time. This conclusion is supported by the governing language of § 1332 which speaks in the present tense of civil actions where the matter in controversy "is between citizens of different States" . . . . Because jurisdiction attaches at the commencement of an action, even if the citizenship of the parties changes after the commencement of the action so as to destroy complete diversity, subject matter jurisdiction is not destroyed, and the federal court continues to have authority to decide the case.

Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999) (internal citations omitted). Therefore, this court must look to the parties' citizenship at the time the action was commenced to determine if complete diversity existed.

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. The present action commenced on May 28, 2013, when Plaintiffs Vincent A. Butler and Katharine B. Dillon filed suit against Defendants Theresa M. Butler, David R. Guin, Patricia B. Guin, and Regina B. Sriraman. (Compl. (Doc. 1).) In that filing, Plaintiff Vincent Butler listed his address as Chester, Maryland. (Id. ¶ 9.) Defendant Theresa Butler's address was also listed as Maryland. (Id. ¶ 11.)

- 12 -

Attached to the Complaint was a list of Decedent's beneficiaries. (Id., Ex. A (Doc. 1-1).) On the attached list, Vincent Butler listed his address as Chester, Maryland. (Id.) Vincent Butler signed the Complaint and listed his address as Chester, Maryland, on the signature line. (Id. at 13.) On May 30, 2013, Plaintiffs filed an Amended Complaint listing Plaintiff Vincent Butler's address as Seaford, Delaware. (Am. Compl. (Doc. 5) at 1, 4, 13). The Amended Complaint also included a list of beneficiaries with Vincent Butler's address listed as Seaford, Delaware. (Id. at 14.) However, the mailing address listed for Vincent Butler in the Amended Complaint was still Chester, Maryland. (Id. at 13.)

The filings indicate that both Plaintiff Vincent A. Butler and Defendant Theresa M. Butler were citizens of Maryland when this action commenced. Other than Plaintiff Vincent Butler listing a new address in the Amended Complaint, there is no evidence to support this court finding that Plaintiff Vincent Butler was not a Maryland citizen when this action was filed. (Compl. (Doc. 1).) In addition to presenting this argument, which this court finds persuasive, Defendants' allege that Vincent Butler's residence did not change despite his listing a new address in Delaware in the Amended Complaint. (Defs.' Mem. in Supp. of Mot. to Dismiss (Doc. 9) at 3-4.) This court finds

- 13 -

that it does not need to address Plaintiff Vincent Butler's assertion of Delaware residency in the Amended Complaint as case law holds that Plaintiff's residency for diversity purposes is that which exists when the case was filed.[5] In the present action, the filings evidence that both Plaintiff Vincent Butler and Defendant Theresa Butler were residents of Maryland when this action commenced. As the parties were not completely diverse, this case does not meet the requirements of diversity jurisdiction and this court does not have jurisdiction over this matter.

### 2.   Residency of Parties Suing on Behalf of Decedent's Estate

As explained supra, the current action is presently before this court because Plaintiffs assert federal jurisdiction stemming from diversity pursuant to 28 U.S.C. § 1332. (Third Am. Compl. (Doc. 47-1) at 4.) In addition to the lack of complete diversity when filed, the complete diversity requirement is

---

[5]   To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that "[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit."

Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 574 (2004) (citing Conolly v. Taylor, 27 U.S. 556, 565 (1829)).

currently not satisfied in the present action because present Plaintiffs are suing on behalf of Decedent's estate.

It is undisputed that Defendant Theresa M. Butler is a resident of Silver Spring, Maryland,[6] and Defendants David R. Guin, Patricia B. Guin, and Regina B. Sriraman are all residents of Raleigh, North Carolina. (Second Am. Compl. (Doc. 10) at 5-6.) Likewise, it is undisputed that Plaintiff Katharine Dillon is a resident of Union, Kentucky, and Plaintiff Joan Pate is a resident of Rio Rancho, New Mexico.[7] (Id. at 4.) Based on each party's residency, it initially appears that § 1332's "complete diversity" requirement is satisfied.

---

[6] Defendant Theresa M. Butler acted as the "Interim Administrator" of Decedent's personal property after 2007 and was also the executrix of Decedent's estate. (See Second Am. Compl. (Doc. 10) at 5.) Though not at issue for the purposes of this motion, it is possible that Ms. Butler would also be considered a resident of North Carolina under 28 U.S.C. § 1332(c)(2), because she is being sued for actions consummated while in her role as representative of Decedent's estate. If this is the case, as explained with regard to present Plaintiffs, all Defendants are residents of North Carolina. This court points this out to discourage any realigning of parties in an attempt to create diversity jurisdiction.

[7] Plaintiff Vincent Butler is no longer a party to this action. However, as explained supra, his presence when the action was commenced may have destroyed diversity. In the alternative, all Plaintiffs (whether Vincent Butler is included or not) are suing on behalf of Decedent's estate. As explained in detail in this section, Plaintiffs' litigation posture also destroys diversity, as they assume the citizenship of Decedent for diversity purposes.

- 15 -

However, 28 U.S.C. § 1332(c)(2) states that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . [,]" meaning that anyone suing as a decedent's "legal representative" will adopt the decedent's residence for diversity purposes. <u>See, e.g.</u>, <u>Janeau v. Pitman Mfg. Co., Inc.</u>, No. C-C-90-194-V, 1991 WL 538679, at *2 (W.D.N.C. Oct. 25, 1991) (classifying a Louisiana administratrix as a North Carolina citizen for purposes of suit on behalf of the decedent). In the present case, Decedent was a resident of Moore County, North Carolina, at the time of her death. (<u>See generally</u> Second Am. Compl. (Doc. 10).) The critical issue, therefore, is whether Plaintiffs are the legal representatives of Decedent or her estate under § 1332(c)(2). If they are, then Plaintiffs acquire Decedent's North Carolina citizenship, leaving this court without diversity jurisdiction in light of the North Carolina citizenship of Defendants David Guin, Patricia Guin, and Regina Sriraman.

Section 1332(c)(2)'s applicability to someone who is not an estate's appointed representative depends on whether the person is suing on behalf of the estate, in which case § 1332(c)(2) applies, or personally or on behalf of the decedent's heirs or survivors, in which case it does not. <u>See</u> <u>Tank v. Chronister</u>, 160 F.3d 597 (10th Cir. 1998); <u>Arias-Rosado v. Tirado</u>, 111

- 16 -

F. Supp. 2d 96 (D.P.R. 2000). If it is the estate that will directly benefit from a successful outcome, the suit is on behalf of the estate and the plaintiff's citizenship is the same as the decedent's. Here, the determination of whether the Plaintiffs are in fact Decedent's legal representatives in this lawsuit requires a preliminary discussion of Plaintiffs' standing to sue in the first place.

In the present action, Plaintiffs allege derivative harms as beneficiaries of Decedent's estate, which was allegedly diminished by Defendants' tortious conduct. For example, in the Second Amended Complaint, Plaintiffs allege "mismanagement, fraud, conspiracy and theft of the assets belonging to the decedent, Audrey Marie Butler, which have inured to the ongoing pecuniary detriment of each of the Beneficiaries designated by the decedent's Last Will and Testament . . . ." (Second Am. Compl. (Doc. 10) at 3.) Plaintiffs go on to state that their "claims arise from the failure of each of the fiduciary Defendants to act solely in the interests of the decedent, Audrey Marie Butler, and the designated Beneficiaries of her Estate . . . ." (Id. at 3-4.) Construed liberally, the Second Amended Complaint appears to assert survival actions brought on behalf of Decedent for wrongs done to her during her lifetime,

which Plaintiffs apparently believe they are entitled to prosecute as Decedent's heirs.

In their Third Amended Complaint, Plaintiffs use slightly different phrasing, arguing that "[t]he Estate of Audrey Marie Butler . . . is the real party in interest in this case" and that they seek "recovery of damages on behalf of the Estate of Audrey Marie Butler . . . ." (Third Am. Compl. (Doc. 47-1) at 2.) Plaintiffs conclude by asserting that, "as children and legal heirs of Audrey Marie Butler, acting on behalf of the Estate of Audrey Marie Butler, the real party in interest in this case, [they] are entitled to recover damages on behalf of the Estate of Audrey Marie Butler from the Defendants . . . ." (Id. at 8.)

Either of these postures is permitted under North Carolina law, which recognizes that "legatees or distributees have standing to sue 'to recover personal assets of an estate when fraud, collusion, or a refusal to sue on the part of the personal representative renders such action necessary for the protection of ultimate rights accruing to them under a

will . . . .'"[8] <u>Camper v. Manning</u>, Civil Action No. 1:11CV157,
2011 WL 2550820, at *3 (E.D. Va. June 27, 2011) (citing <u>Holt v.</u>
<u>Holt</u>, 232 N.C. 497, 502, 61 S.E.2d 448, 452 (1950)); <u>see also</u>
<u>Horry v. Woodbury</u>, 363 N.C. 7, 7-8, 673 S.E.2d 127, 127 (2009)
(holding that plaintiff-beneficiary had standing to sue an
estate administrator for converting the decedent's assets before
her death); <u>Mullinix v. Mabry</u>, No. COA04-1301, 2005 WL 3289247,
at *3 (N.C. App. Dec. 6, 2005) (unpublished) ("Here, plaintiffs
allege constructive fraud on the part of [the administrator]
with regard to her actions as personal agent for decedent prior
to her death. Plaintiffs, therefore, have standing as decedent's
heirs to bring the action as successors to the rights of
decedent."); <u>cf.</u> <u>Spivey v. Godfrey</u>, 258 N.C. 676, 677, 129

---

[8] This beneficiary right to sue is an exception to the
general statutory rule that that "all . . . rights to prosecute
or defend any action . . . existing in favor of or against [a
decedent] . . . shall survive to and against the <u>personal</u>
<u>representative</u> or collector of the [decedent's] estate." N.C.
Gen. Stat. § 28A-18-1(a)(2014)(emphasis added); <u>see also</u> N.C.
Gen. Stat. § 28A-13-3(a)(24)(2014) (allowing the "personal
representative . . . [t]o maintain any appropriate action or
proceeding to recover possession of any property of the
decedent, or to determine the title thereto; to recover damages
for any injury done prior to the death of the decedent to any of
the decedent's property; and to recover damages for any injury
done subsequent to the death of the decedent to such property").
Most of these cited cases involve suits solely against the
estate administrator for malfeasance committed prior to the
decedent's death, but this court finds no reason why they should
not apply equally to situations like the one at hand, where the
administrator (Theresa Butler) is only one of several
individuals alleged to have harmed Decedent or her assets.

S.E.2d 253, 254 (1963) ("If the administrator has refused to bring the action to collect the assets[,] if there is collusion between a debtor and a personal representative . . . or, if some other peculiar circumstance warrants it, the creditors or next of kin may bring the action which the personal representative should have brought.").

Having determined that Plaintiffs are suing on behalf of Decedent and her estate, this court finds that Plaintiffs are suing as legal representatives of Decedent's estate triggering the applicability of § 1332(c)(2). The Fourth Circuit has not yet specifically addressed this issue. However, the Seventh Circuit has and this court finds the Seventh Circuit's analysis persuasive on the concept that when a person who is not the estate's appointed representative sues on behalf of the estate, that person is a legal representative within the meaning of § 1332(c)(2). In Gustafson v. zumBrunnen, 546 F.3d 398 (7th Cir. 2008), the Seventh Circuit considered the language and purpose of § 1332(c)(2) and determined that a beneficiary who was not the named personal representative of an estate was nevertheless a "legal representative" of the estate. The plaintiff was suing on behalf of the estate in an effort to manufacture federal jurisdiction, because the named personal representative obviously fell under the ambit of § 1332(c)(2). The court wrote:

> [Plaintiff] is suing expressly on behalf of the
> estate, and any damages recovered in the suit are to
> be added to the estate, just as if [the personal
> representative] were the plaintiff, which she would be
> were it not for the legatees' desire to sue in federal
> court. To say that [Plaintiff] is not a legal
> representative of the estate within the meaning of
> section 1332(c)(2) would be to say that an estate that
> wants to litigate state-law claims in federal court
> despite the absence of diversity can appoint a second
> representative to do everything the first one would
> have done and can simply refuse to acknowledge that
> the second representative is the estate's legal
> representative for purposes of that suit. A facile
> evasion indeed.

Id. at 402-03; see also Oscar Gruss & Son, Inc. v. Hollander,
337 F.3d 186, 194 (2d Cir. 2003) ("[W]here a plaintiff brings a
suit solely in his representative capacity, the citizenship of
the represented party, and not that of the representative,
controls."); Tank v. Chronister, 160 F.3d 597, 599 (10th Cir.
1998) (finding that 28 U.S.C. § 1332(c)(2) applies to survival
actions brought on behalf of a decedent and his estate, but not
to wrongful death actions brought by heirs in their individual
capacities); Winn v. Panola-Harrison Elec. Coop., Inc., 966
F. Supp. 481, 483 (E.D. Tex. 1997) (same); cf. Durlacher v.
Hoffschneider, 925 F. Supp. 2d 1246, 1248 (D. Wyo. 2013)
(agreeing with out-of-state co-executors that the court had no
original jurisdiction over a survival action brought on
decedent's behalf, but exercising supplemental jurisdiction over

the claims because they arose from the same case or controversy as a wrongful death claim).

This court finds the Gustafson court's reasoning applicable to the present action. Plaintiffs were never appointed legal representatives of Decedent's estate, but they are suing on behalf of the estate, making them legal representatives for that purpose. Consequently, § 1332(c)(2) requires that Plaintiffs be considered, for purposes of diversity jurisdiction, citizens of North Carolina. Therefore, there are parties on both sides of the present action who are residents of North Carolina. As such, the complete diversity requirement is not met, and this court does not have jurisdiction over the present matter.

### 3.  **Additional Issues**

Defendants raise a number of additional grounds in support of their motion to dismiss.  This court will address several of those issues here, as they constitute potential alternative grounds for dismissal and further explain the jurisdictional matters raised above.

Document 41-1 is a copy of a petition filed by Vincent Butler requesting an order from the Superior Court of Moore County requiring an accounting from the General Guardians of Audrey Butler.  Document 41-2 is a petition filed by Vincent Butler, Katharine Dillon, Joan Butler-Pate (all plaintiffs in

- 22 -

this action), and Thomas M. Butler, seeking removal of Theresa Butler-Simmons and also requesting an accounting of Decedent's assets. The allegations contained in that petition are similar in many respects to the allegations in this case, however, the allegations here are much more specific. Finally, Document 40-6 is an order, signed by the Moore County Clerk of Superior Court, finding that all of the guardianship accountings are in order. The caption reflects that order was filed in the estate proceeding as well.

As explained previously, this court can and will take judicial notice of the state court documents that form the basis for Defendants' assertion that Plaintiffs' claims are barred by collateral estoppel. (Defs.' Mem. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 41) at 11-12.) "[W]hen entertaining a motion to dismiss on the grounds of res judicata a court may judicially notice facts from a prior judicial proceeding." Charlotte-Mecklenburg Bd. of Educ. v. Schenkel & Shultz, Inc., Civil Action No. 3:05CV69, 2006 WL 1642140, at *2 (W.D.N.C. June 12, 2006) (quoting Briggs v. Newberry Cty. Sch. Dist., 838 F. Supp. 232, 234 (D.S.C. 1992)). "Collateral estoppel, or issue preclusion, provides that once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different

- 23 -

cause of action but involving the same parties, or privies, to the previous litigation." <u>Weinberger v. Tucker</u>, 510 F.3d 486, 491 (4th Cir. 2007).

Under North Carolina law, "[t]he companion doctrines of <u>res judicata</u> (claim preclusion) and collateral estoppel (issue preclusion) have been developed by the courts for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." <u>Strates Shows, Inc. v. Amusements of Am., Inc.</u>, 184 N.C. App. 455, 460, 646 S.E.2d 418, 423 (2007) (quoting <u>Williams v. City of Jacksonville Police Dep't</u>, 165 N.C. App. 587, 591, 599 S.E.2d 422, 427 (2004)).

For a party to be precluded from stating a claim based on the doctrine of collateral estoppel, certain requirements must be met:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

<u>King v. Grindstaff</u>, 284 N.C. 348, 358, 200 S.E.2d 799, 806, (1973). In January 2011, Vincent Butler, Joan Butler-Pate, Katharine B. Dillon, and Thomas M. Butler filed a petition in Moore County Superior Court asking for the removal of Theresa

- 24 -

Butler as Executrix, to stay any estate proceedings, appoint a new auditor, and for a new certified accounting. (Doc. 41-2.) In this Petition, Plaintiffs assert:

> In the past three(3) years, Guardians, Guin and Sriraman, have misappropriated, mis-spent, converted, or "wasted" in excess of $579,615.15, with part of it, purportedly, being used for the maintenance of the Respondent and the rest being spent by the Guardians on personal expenditures and pleasures.

(Id. at 14.) The Petition then alleges further misappropriations by the guardians of Decedent's estate. (Id. at 14-16.) In an Order dated October 18, 2010, the Moore County Clerk of Superior Court addresses this Petition and several others filed by Plaintiffs by denying them. (Doc. 40-6 at 4.) Specifically, the October 18, 2010 Order states: (1) sworn inventories were filed on June 27, 2007, and June 25, 2008, and these inventories were verified by the Clerk's office (id. at 2-3.); (2) sworn annual accountings were filed on August 19, 2008, April 8, 2009, and May 19, 2010. The 2010 annual accounting was audited and approved by the Assistant Clerk of Superior Court (id. at 3.); (3) all required inventories and accountings have been filed relative to the matters involving Audrey M. Butler (id.); (4) Petitioner Vincent Butler called no witnesses and offered no evidence in support of any of his petitions or motion (id.); (5) the parties consented to the court hearing each of their petitions and motion and consolidating them into one matter (id.

- 25 -

at 4); (6) the court had jurisdiction over the parties and subject matter of the motions and petitions before it (id.); and (7) the motion and petitions were denied. (Id.)

In the present action, Plaintiffs present the same allegations.

> Over the three (3) years of their guardianship administration, Defendants Patricia Guin and Sriraman, have misappropriated, mis-spent, converted, or wasted in excess of $579,615.15, with part of it, purportedly, being used for the maintenance of the Respondent and the rest being spent by the Defendants, without Court approval or authorization, on such personal expenditures and pleasures.

(Second Am. Compl. (Doc. 10) at 15.) Plaintiffs then assert a list of alleged misappropriations of Decedent's estate that is almost identical to the list brought in their previous state court action in Moore County. (Id. at 15-18.) The evidence before this court suggests that Plaintiffs brought their concerns before the Moore County Superior Court and that court issued a judgment as to those issues. The theory underlying the petition in Moore County appears nearly identical to the theory alleged here. It therefore appears that Plaintiffs' action is barred by the doctrine of collateral

estoppel, and this constitutes an alternative ground upon which the present action should be dismissed.[9]

In addition, North Carolina statutes provide a procedure for appealing decisions of the probate court in estate matters. Pursuant to N.C. Gen. Stat. § 1-301.3, the proper place for Plaintiffs to appeal the denial of their petition requesting an accounting is the Superior Court in Moore County, North Carolina. As explained supra, it is unclear to this court whether Plaintiffs' repackaging of their accounting claims as fiduciary breaches in their present action is properly before this court pursuant to North Carolina state law. Generally, issues regarding the settling of an estate are determined in Probate Court in North Carolina. "A party aggrieved by an order or judgment of the clerk may appeal to the superior court by

---

[9] In Hare v. Simpson, the Fourth Circuit held that a probate court order did not have preclusive effect in a district court proceeding where "[t]here is simply no indication about whether the court entertained any allegation that the power of attorney was forged or fraudulent." Hare v. Simpson, No. 14-1382, 2015 WL 4667909, at *4 (4th Cir. Aug. 7, 2015). Unlike the record in Hare, this court has the benefit of previous petitions and the resulting order. From that record, it appears to this court that the issues regarding the alleged mishandling of Decedent's estate and finances by present Defendants were presented and actually litigated in the probate proceedings. Because this court dismisses this action on other grounds, it is not necessary to conclusively say the action is barred by collateral estoppel, but this court finds the evidence supports such a finding.

filing a written notice of the appeal with the clerk within 10
days of entry of the order or judgment after service of the
order on that party." N.C. Gen. Stat. § 1-301.3(c)(2014). This
presents an additional jurisdictional hurdle for this court.
Whether the claims were fully litigated or if this action is an
appeal of a probate court decision, this court finds the record
supports Defendants' contentions that this court is not the
proper arbiter of this action.[10]

---

[10] In addition,

> [T]he probate exception reserves to state probate
> courts the probate or annulment of a will and the
> administration of a decedent's estate; it also
> precludes federal courts from endeavoring to dispose
> of property that is in the custody of a state probate
> court. But it does not bar federal courts from
> adjudicating matters outside those confines and
> otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). "[T]he
probate exception is limited to two categories of cases: (1)
those that require the court to probate or annul a will or to
administer a decedent's estate, and (2) those that require the
court to dispose of property in the custody of a state probate
court." Lee Graham Shopping Ctr., LLC v. Estate of Kirsch, 777
F.3d 678, 680-81 (4th Cir. 2015). "A case does not fall under
the probate exception if it merely impacts a state court's
performance of one of these tasks." Id. at 681.  Again, it is
not necessary for this court to determine if the probate
exception impacts federal jurisdiction in the present matter at
this time. However, this court wishes to acknowledge the
exception as another alternative potential jurisdictional issue
in this matter.

Case 1:13-cv-00424-WO-JLW   Document 60   Filed 09/25/15   Page 28 of 30

A final note is the existence of the estate on whose behalf Plaintiffs are suing. The final account of Decedent's estate was filed with the Moore County Superior Court by Theresa Butler on August 10, 2012. It was filed by the court in Moore County on September 18, 2012. (Defs.' Reply Mem. in Supp. of Mot. to Dismiss Second Am. Compl., Ex. 2 (Doc. 48-2.)) Plaintiffs do not dispute the assertion that the estate was closed. The North Carolina General Statutes permit the reopening of an estate for several reasons, including "any other proper cause." N.C. Gen. Stat. § 28A-23-5 (2014). In order to reopen the estate, a party must petition the clerk of court. Id. Plaintiffs are suing on behalf of an estate that does not legally exist. In order to pursue any claims on behalf of Decedent's estate, Plaintiffs must follow the procedure prescribed by the law and petition the clerk of court in Moore County.

## V.    CONCLUSION

Because this court lacks subject matter jurisdiction over this matter, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 39) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike or Exclude Unauthenticated Exhibits to Defendants' Motion to Dismiss Second Amended Complaint (Doc. 46) is **DENIED IN PART** in

that this court took judicial notice of state court documents and **GRANTED IN PART** in that this court did not use the remaining documents in its deliberations.

   **IT IS FURTHER ORDERED** that pursuant to this court's June 9, 2014 hearing, Plaintiffs' Revised Motion for Leave to File Third Amended Complaint (Doc. 50) is **DENIED.**

   A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

   This the 25th day of September, 2015.

                              _____
                                   United States District Judge