IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KATHARINE B. DILLON,           )
                               )
           Plaintiff,          )
                               )
      v.                       )    1:13CV424
                               )
THERESA M. BUTLER, DAVID R.    )
GUIN, PATRICIA B. GUIN,        )
and REGINA B. SRIRAMAN,        )
                               )
           Defendants.         )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Alter or Amend its September 25, 2015 Judgment, pursuant to Federal Rule 59(e), filed by Plaintiff Katharine B. Dillon ("Plaintiff") in a pro se capacity. (Doc. 62.)[1] Defendants Theresa M. Butler, David R. Guin, Patricia B. Guin, and Regina B. Sriraman (collectively "Defendants") have responded, (Doc. 63), and Plaintiff has replied. (Doc. 64.) This issue is now ripe for resolution and, for the reasons granted herein, Plaintiff's motion will be denied.

---

[1] Plaintiff Joan M. Pate entered into a Stipulation of Dismissal of Claims as to Plaintiff Joan M. Pate, Pro Se With Prejudice that was filed with this court on November 5, 2015. (Doc. 65.)

I.   **BACKGROUND & PARTIES' ARGUMENTS**

On September 25, 2015, this court entered a Memorandum Opinion and Order and Judgment granting Defendants' Motion to Dismiss and dismissing the action with prejudice. (See Mem. Op. & Order ("Mem. Op.") (Doc. 60), Judgment (Doc. 61).)

In Plaintiff's motion to alter or amend the judgment, she asserts that there is a need "to correct clear errors of law and fact" in the prior memorandum opinion and order "and to prevent manifest injustice, on the grounds that such Judgment was the result of manifest errors of law and fact, and should be substantially modified and/or vacated." (Pl.'s Mot. to Alter or Amend ("Pl.'s Mot.") (Doc. 62) at 1 (citations omitted).) Specifically, Plaintiff argues that the court "improperly dismissed the plaintiffs' claims with prejudice hereunder pursuant to Rule 12(b)(1) for a stated lack of subject matter jurisdiction based upon an alleged lack of complete diversity." (Id. at 2.) She outlines four main reasons as to why the Judgment was improper:

(1) the September 25, 2015 Judgment ignored or overlooked the fact that plaintiff Vincent Butler, the only party allegedly impairing complete diversity in this case, had previously voluntarily dismissed his claims in this case in August, 2013; the Judgment further ignored or misconstrued controlling case law regarding the well-recognized exception to the "time of filing" rule, where diversity jurisdiction is preserved

by the prior dismissal of the only non-diverse party, as enunciated in Grupo Dataflex v. Atlas Glo. Group, L.P., 541 U.S. 567, 574, citing Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996); not only does the Judgment ignore and overlook the relevant portion of the Grupo Dataflex decision at page 574 et seq. regarding this exception which works in plaintiffs' favor, but also the Judgment mis-cites the case for the opposite result [Dkt. No. 60, p. 14, FN 7];

(2) in the absence of any citation to relevant Fourth Circuit case law, the September 25, 2015 Judgment relied solely upon an inapposite Tenth Circuit "wrongful death" case and a Seventh Circuit case involving "collusion to preserve diversity" to improperly dismiss plaintiffs' claims hereunder by the imposition of legally- unfounded new law, by first improperly "recharacterizing" the non-resident Plaintiffs as "legal representatives" who must "assume" the same North Carolina residency status as the Decedent pursuant to 28 U.S.C.§ 1332(c)(2) (despite the actual in-fact legal representative being a named defendant), and thereafter improperly dismissing plaintiffs' common-law tort claims in this case based on an alleged "lack of complete diversity" resulting from such unfounded, unwarranted, and legally-unsupported citizenship "recharacterization" of the plaintiffs by the Court;

(3) the September 25, 2015 Judgment is the result of manifest error of law and fact when it incorrectly held that probate-related rulings regarding the estate of Decedent Audrey Butler made by the Clerk of the Superior Court of Moore County [Dkt. Nos. 40-6, 41-1, and 41-2] triggered the application of the principles of res judicata and/or collateral estoppel to bar the plaintiffs' common-law tort claims in this case, including their claims for fraud and constructive fraud, even though relevant North Carolina law clearly and specifically provides that Clerks of the Superior Court "shall not have jurisdiction over" "actions involving claims for monetary damages,

- 3 -

> including claims for breach of fiduciary duty, fraud, and negligence" [N.G.G.S. 28A-2-4(c)(2)], and so there can not [sic] possibly [be] any res judicata or collateral estoppel effect on plaintiffs' common-law tort claims hereunder; and
>
> (4) the September 25, 2015 Judgment is the result of manifest errors of law when it held that Plaintiffs' common-law tort claims must be dismissed because Plaintiffs had failed previously to open the Decedent's estate, when Plaintiffs have already properly and implicitly named the Estate of Audrey Butler as defendant in this lawsuit by naming the Personal Representative of the Estate, defendant Theresa Butler, as a defendant in such capacity, pursuant to N.C.G.S. 28A-18-1(a).

(Id. at 2-5.)

Defendants provide a brief response, emphasizing that the reasons contained in their prior motion to dismiss and the court's Memorandum Opinion and Order (at issue here) substantiate the prior holdings. (Defs.' Resp. to Mot. to Alter or Amend J. ("Defs.' Resp.") (Doc. 63) at 1.) They also add that "in holding that the citizenship of the real parties in interest controls the analysis of diversity jurisdiction, the Court was in line with the longstanding holding of the United States Supreme Court that diversity is determined by the real parties in interest." (Id. at 1-2 (citation omitted).) Consequently, they assert that the court's decision as to subject-matter jurisdiction was correct as "Ms. Dillon has been emphatically clear that she and her co-plaintiff . . . were suing on behalf

- 4 -

of the Estate of Audrey Butler, which was the real party in interest." (Id. at 3 (citation omitted).)

In reply, Plaintiff largely reiterates her arguments from the original motion and supporting brief. Additionally, she characterizes the case cited by Defendants as "irrelevant and easily-distinguishable" and urges that they "should be sanctioned for their obvious lack of candor to the Court and to the Plaintiffs by citing an irrelevant case in their Brief . . . ." (Pl.'s Reply in Supp. of Mot. to Alter or Amend J. (Doc. 64) at 6-7 (citations omitted).)

## II. <u>LEGAL STANDARD & ANALYSIS</u>

Rule 59(e) of the Federal Rules of Civil Procedure provides for a motion to alter or amend a judgment. Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

"Rule 59(e) motions will be granted in three circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" <u>Ingle ex rel. Estate of Ingle v. Yelton</u>, 439 F.3d 191, 197 (4th Cir. 2006) (citation omitted). Further, "[a]s a general

- 5 -

Case 1:13-cv-00424-WO-JLW   Document 68   Filed 05/18/16   Page 5 of 9

proposition, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Gibson v. Total Car Franchising Corp., 223 F.R.D. 265, 271 (M.D.N.C. 2004) (citation omitted).

This court reviewed and considered Plaintiff's motion and briefings as well as Defendants' response briefing and the original Memorandum Opinion and Order. Additionally, it has consulted relevant legal precedent and cases proffered by the parties. Following this review, this court finds no basis upon which the extraordinary remedy of granting amendment or alteration of the judgment could stand.

As to Plaintiff's first and second assignments of error, her attempts to create sufficient diversity jurisdiction are unavailing, and the cases cited to support these attempts are unpersuasive when considered with respect to the case at hand. Thus, her first two arguments regarding whether diversity-of-citizenship did in fact exist are insufficient to invoke the extraordinary remedy occasionally available under Rule 59(e). Indeed, Plaintiff's prior filings with the court make clear her shared intent to represent the interest of the Decedent's Estate. (See Doc. 45 at 16 ("Plaintiffs' Third Amended Complaint makes it clear that the Plaintiffs, as children and legal heirs of Audrey Marie Butler, are suing the named Defendants,

including Theresa M. Butler in her capacity as personal representative of the Estate of Audrey M. Butler, on behalf of the Estate of Audrey Marie Butler, the real party in interest . . . .").) Consequently, arguments regarding the frivolity of the Estate being functionally located on both sides of the case are unavailing – Plaintiff cannot now disavow earlier representations to this court in an effort to sustain jurisdiction. Consequently, the Estate's citizenship guides the case and results in incomplete diversity.[2]

As to Plaintiff's third assignment of error, regarding res judicata and collateral estoppel principles, most significant is the fact that this court's Memorandum Opinion and Order did not actually rely upon those principles for its holding; instead, it presented them as an alternative sufficient ground upon which to dismiss the action. (Mem. Op. (Doc. 60) at 27 & n.9 ("Because this court dismisses this action on other grounds, it is not necessary to conclusively say the action is barred by collateral estoppel, but this court finds the evidence supports such a finding.").) Further, Plaintiff's arguments regarding a Clerk of

---

[2] Additionally, while Plaintiff makes much of the dismissal of former Plaintiff Vincent Butler and cases regarding dismissal of dispensable nondiverse parties, she fails to address the issue of former Plaintiff Butler as a nondispensable nondiverse party, rendering the cases she cites for the dispensable nondiverse exception to be unpersuasive in this matter.

- 7 -

Superior Court's subject-matter jurisdiction over common-law tort claims do not address an issue this court specifically raised: the likely repackaging of probate claims into alleged common law tort claims here in an attempt to garner federal jurisdiction despite the probate exception for federal courts. (Id. at 27-28.)

As to Plaintiff's fourth assignment of error, the court notes that the issue was not whether the Estate was open for purposes of properly naming the representative as a defendant, as Plaintiff argues in her motion. Instead, this court specifically noted the concern in its Memorandum Opinion and Order that "Plaintiffs are suing on behalf of an estate that does not legally exist." (Id. at 29.) This is a different issue than the one that Plaintiff addresses in her Rule 59(e) motion, which is accordingly misplaced in its analysis.

This court also notes the concern raised repeatedly by Defendants that unlicensed or disbarred attorneys are ghost-writing these allegedly pro se motions and "engaging in the unauthorized practice of law[.]" (Defs.' Resp. (Doc. 63) at 2 n.1.) This concern is heightened by the repeated assertions in this supposedly pro se Plaintiff's brief regarding elementary lessons for first-year law students, raising the logical question of how she could properly assert to a court what law

students would know. Nevertheless, given that this court finds no basis upon which to grant the Rule 59(e) motion, it will not address this concern at this time. However, to the extent Plaintiff requests sanctions be issued against Defendants for citing a case she finds to be irrelevant, without any further support for this extreme request, this court warns of the concerns regarding the authorship of the pro se filings in this case.

Finally, as the case is properly dismissed, there is no need to address the substitution of the Estate of prior Defendant David R. Guin. (See Docs. 66, 66-1, 67.)

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Alter or Amend September 25, 2015 Judgment (Doc. 62) is **DENIED**.

This the 18th day of May, 2016.

*William L. Osteen, Jr.*
United States District Judge